WILLIAM O. COWING *vs.* HERBERT E. DODGE, Trustee.

A testator gave real and personal estate in trust to pay legacies, to pay taxes and make improvements, and to hold the residue to pay, from time to time, all or such parts of the income thereof as the trustee might think proper to the testator's son, and upon his death, to convey the property as the son shall direct in his will, or, in default of such direction, to his heirs. The legacies having been paid,

*Held*, that the son took an equitable fee in the realty and that the devise was within the rule in Shelley's case.

*Held*, further, that no reason appearing in the will or otherwise why the trust should not be terminated, the son was entitled to a conveyance made to him of the legal estate held by the trustee.

BILL IN EQUITY to terminate a trust. Heard on bill and answer.

*July* 25, 1896. STINESS, J. The will of Martin K. Cowing gave real and personal property in trust, to pay two legacies of $500 each, to pay taxes and make improvements, and to hold the residue to pay, from time to time, all or such parts of the income of said property as the trustee might think proper to the testator's son, the complainant, and upon his death to convey the property as the complainant should direct in his will, or, in default thereof, to his heirs.

The legacies having been paid, the complainant brings this bill to terminate the trust. If the complainant has the equitable fee in the estate he is entitled to a conveyance of the legal estate, unless there is some reason for its retention. *Taylor* v. *Taylor*, 9 R. I. 119. The devise gives to the complainant a beneficial interest for life, subject to the discretion of the trustee ; with power in the complainant to direct its disposition by will after his death and, in default thereof, to his heirs at law. Such provisions are within the rule in *Shelley's* case, and carry an equitable fee in the estate held by the trustee. *Tillinghast* v. *Coggeshall*, 7 R. I. 383 ; *Angell, Petitioner*, 13 R. I. 630 ; see also *Sprague* v. *Sprague*, 13 R. I. 701 ; *Bucklin* v. *Creighton*, 18 R. I. 325 ; *Eaton* v. *Tillinghast*, 4 R. I. 276. No reason appearing in the will or otherwise why the trust should be retained, the complainant is entitled to have it terminated by a conveyance of the legal

estate held by the trustee, and a decree to that effect may be entered.

*Arthur Cushing,* for complainant.

*Albert R. Greene,* for respondent.